UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELISHA TILLMAN,

                    Petitioner,                     Case Number 15-12116
                                                   Honorable David M. Lawson

v.

LORI GIDLEY,

                    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Elisha Tillman pleaded guilty in the Saginaw County, Michigan circuit court to conspiracy and cocaine distribution crimes under a plea agreement with the state prosecutor. Consistent with that agreement, he was sentenced as a fourth habitual offender to concurrent prison terms of 55 to 240 months and 24 to 180 months. In his habeas corpus petition filed under 28 U.S.C. § 2254, which he filed *pro se*, Tillman raises a single claim: he is entitled to resentencing because the trial court imposed a sentence based on incorrectly scored guidelines. That claim is based entirely on an interpretation of the state's sentencing guideline statutes and does not question whether Tillman is in custody in violation of the *federal* Constitution or laws. Therefore, the petition will be denied.

I.

Tillman was charged originally with four offenses: 1) possession with intent to deliver between 50 and 449 grams of cocaine, 2) manufacture or delivery of marijuana, 3) conspiracy to possess with intent to deliver between 50 and 449 grams of cocaine, and 4) maintaining a drug house. Before trial, he moved to suppress the drugs seized from a house he was renting. The trial court denied the motion after a hearing, the petitioner appealed, and the Michigan Court of Appeals

affirmed. *People v. Tillman*, No. 302169, 2011 WL 5870057 (Mich. Ct. App. Nov. 22, 2011).  The

Michigan Supreme Court denied leave to appeal. *People v. Tillman*, 491 Mich. 909, 810 N.W.2d 913

(Mich. 2012).

Tillman then struck a deal with the prosecutor to plead guilty as a fourth habitual felony

offender to conspiracy to deliver less than 50 grams of cocaine, Mich. Comp. Laws §§

333.7401(2)(a)(iv) and 750.157a, possession with intent to deliver less than fifty grams of cocaine,

Mich. Comp. Laws § 333.7401(2)(a)(iv), and delivery of marijuana, Mich. Comp. Laws §

333.7410(2)(D)(III).  The trial court agreed that the petitioner would receive no more than 55 month

minimum terms, and followed through with the agreement at sentencing.

Nonetheless, Tillman appealed. His delayed application for leave to appeal in the Michigan

Court of Appeals raised one claim: "Mr. Tillman is entitled to re-sentencing because the trial court

imposed a sentence based on incorrectly scored guidelines."  The application did not allege any

violation of Tillman's federal constitutional rights. The application was denied for "lack of merit

in the grounds presented."  *People v. Tillman*, No. 314913 (Mich. Ct. App. Oct 11, 2013).  The

petitioner raised the same claim in the Michigan Supreme Court, but his application for leave to

appeal was denied. *People v. Tillman*, 495 Mich. 950, 843 N.W.2d 510 (2014) (unpublished table

decision).

Tillman filed his habeas corpus petition in this Court raising the same claim.  One section

of the petition purports to raise a claim based on *Miranda v. Arizona*,  384 U.S. 436 (1966).  *See* Pet.

at 4.  But that appears to be a mistake.  In his brief in support of the petition, the petitioner states that

he is raising the same sentencing guideline claim that was presented to the state courts. Pet. at 10,

34, 35-48. The petitioner never presented a *Miranda* claim to the state courts, and there is no

indication in the state court record that the petitioner even gave a statement to the police. The respondent noted this apparent error in her responsive pleading, and the petitioner has not filed a reply brief asserting that he is attempting to raise a *Miranda* claim for the first time in this action. The Court therefore will assume that the petitioner is attempting to raise in this action the only claim that he exhausted in the state courts on his direct appeal.

## II.

A federal court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This statute does not afford a state prisoner relief when his complaint is predicated only on state law issues that do not rise to the level of a federal constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, (1991); *Milton v. Wainwright*, 407 U.S. 371, 377(1972); *see also Rivera v. Illinois*, 556 U.S. 148, 159 (2009) ( stating that "'a mere error of state law,' we have noted, 'is not a denial of due process'") (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982)). "A federal court may not issue a writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Tillman contends that the state court incorrectly calculated his sentencing guideline range under the Michigan sentencing guidelines statutes. However, a claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Therefore, Tillman's claim that the trial court erred when it calculated Tillman's guideline range is not cognizable on federal habeas review

because it is a state law claim.  *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).

State courts are the final arbiters of state law.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Therefore, claims that challenge a state court's sentencing decision under state law are normally not cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is generally not subject to habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

The petitioner does not contend that his prison sentences exceeded the statutory limits or are wholly unauthorized by law.  Nor did he assert in the state courts that his federal constitutional rights were violated by his sentence.  And he has not asserted that his sentences violated his federal due process rights.  *See Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000); *see also Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004) (noting that the "petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations").  The petitioner has not identified any violation of federal law.

### III.

For the reasons stated, the Court finds that the petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 4, 2016


**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 4 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI